## FELIPE EURESTE V. STATE

No. 27,015.  June 2, 1954

No attorney for appellant of record on appeal.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of murder, and his punishment was assessed at ten years in the penitentiary.

The state's testimony shows that the deceased entered a beer joint, leaving his young son in his automobile and, as he was being served soda water at the counter, appellant, who was nearby in the room, fired a gun at the deceased. Immediately after the shot was fired, the deceased ran from the building and down the road with the appellant behind him with a gun in his hand. Appellant fired the gun several times at the deceased, who had his back to him all the time until he fell about one hundred and fifty yards from the building.

Sam Kelly, a funeral director, testified that he examined the body of the deceased and that, in his opinion, death was caused by two bullets which entered the body of the deceased in the back just above the kidneys.

Appellant was arrested about twenty minutes after the shooting and gave the constable a .38 caliber Smith and Wesson revolver containing six spent shells. A pocket knife, with the blade broken out, was found at the place where the deceased fell after he was shot.

Appellant testified that he was seated at a table when the deceased entered the building, went to the counter and "made a face at him," which caused him to approach the deceased for the purpose of asking him to leave him alone, and as he approached, the deceased placed his hand in his shirt, then he shot at deceased because he thought he was getting a gun, and deceased ran outside to his car; that after placing his head in the car deceased went to the front of the car with something in his hand, then ran down the road; that as deceased ran, he had his hands in front of him and he thought he was adjusting his gun so as to shoot him; that he shot twice at the deceased as he ran after him down the road and shot twice more after he caught him because he thought deceased had a gun and was going to kill him; that upon overtaking deceased he saw that he had a knife, then struck the deceased with his gun as "I didn't have no more bullets," and left the scene, later surrendering and delivering his gun to an officer.

Appellant further testified that the deceased had previously shot and killed his (appellant's) son-in-law, and that he engaged a special prosecutor for the trial upon which deceased received a suspended sentence.

We find the evidence sufficient to sustain the conviction.

The sole contention of error is that the court erred in his charge to the jury, the complaint being the refusal of the court to charge the jury that if the appellant was justified in firing the first shot, then he was justified in advancing upon his adversary so long as it reasonably appeared to him, from the acts or conduct of the deceased, viewed from his standpoint, that his life or person was in danger at the hands of his adversary.

The court charged the jury upon the law of self defense as to real and apparent danger. In this connection, the jury was also instructed that if a person is justified in firing the first shot, then he is justified in continuing to shoot so long as it reasonably appears to him, from the acts or conduct of the deceased, that his life or person is in danger as he views it, at the hands of his adversary.

We are of the opinion that under the facts of this case the charge as given fairly and adequately protected the rights of the appellant, and no error is here shown.

The judgment is affirmed.

Opinion approved by the Court.